

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2008

# USA v. Christian

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2963

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Christian" (2008). *2008 Decisions.* Paper 1031.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1031

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2963

———————

UNITED STATES OF AMERICA

v.

DARWIN CHRISTIAN

Appellant

———————

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
District Court No. 06-cr-00037-2
District Judge:  Hon. Harvey Bartle, III

———————

Submitted under Third Circuit LAR 34.1 (a)
on December 13, 2007

Before:  SMITH, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed:    June 11, 2008)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

Darwin Christian appeals his conviction of aiding and abetting the possession of five kilograms of marijuana with intent to distribute.  Because the jury's guilty verdict was supported by substantial evidence, we will affirm the judgment of the District Court.

## I. Background and Procedural History

As the parties are familiar with the facts of this case, we will discuss them only briefly.

On August 23, 2006, agents from the Drug Enforcement Administration went to 100A Grove Place to arrest Christian in connection with another case.  Officer Diaz of the Virgin Islands Police, who accompanied the DEA agents, knew from previous investigations and undercover work that 100A Grove Place was Darwin Christian's address.  On arriving at 100A Grove Place, Diaz honked the horn and Christian came out.  He asked Diaz if Diaz was there for him.  Diaz responded that he was and Christian stated that he needed to go inside and get his shoes.  When Diaz told Christian to stop, Christian turned and ran down a hill behind the dwelling.  He was quickly apprehended.  During his flight, he discarded a plastic baggie containing crack cocaine.

Christian was brought to the DEA office, where DEA agent Eva Sala "processed" him by taking fingerprints and a photograph and asking him for routine information such as his name, date of birth, address, home phone number, occupation, place of employment, etc.  Christian gave his address as 100A Grove Place.

2

DEA agents obtained a search warrant and searched the trailer and a chicken coop on the 100A Grove Place property. The trailer had two bedrooms which contained clothing and personal effects, indicating that they were both occupied. In the kitchen, DEA agents found small plastic bags, commonly known as "dime bags," and two mechanical scales. In a refrigerator in the kitchen, they found two Ziploc bags containing marijuana. The chicken coop behind the dwelling had an operating air conditioner and a water hose ran from the dwelling into the chicken coop. From outside, Officer Diaz could see an illuminated light in the chicken coop. In the chicken coop, the officers found seventy-eight marijuana plants and an overhead growing lamp.

Following the search, DEA agents arrested Christian's brother, Dwayne Christian, and both men were charged with various offenses in a four-count indictment in the District Court for the Virgin Islands. A jury convicted Darwin and Dwayne Christian of one count of aiding and abetting in the possession of at least five kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). Darwin Christian was acquitted of the other charges against him. He moved for judgment of acquittal or a new trial, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, arguing (among other issues) that the evidence was insufficient to convict him of aiding and abetting as charged, that his statement that he lived at 100A Grove Place should have been suppressed, and that all evidence as to the aiding and abetting count should have been suppressed as the fruit of an unlawful arrest. The District Court denied his motion.

3

Christian now appeals, again challenging the sufficiency of the evidence, the admission of his statement to Sala, and the admission of all of the evidence, which he characterizes as the fruit of an unlawful arrest. We have jurisdiction over Christian's appeal under 8 U.S.C. § 1252(a)(1). We will affirm the judgment of the District Court for the reasons discussed below.

## II. Analysis

### A. Evidentiary Rulings

Christian contends that the District Court erred in admitting the statement he made to Sala that he lived at 100A Grove Place because she knew that her booking questioning might incriminate him. He urges further that at the time the DEA agents went to 100A Grove Place to arrest him, he was already in the court's custody and had posted bail. He asserts that because there was no reason for the arrest, the fruits of this improper arrest must be suppressed.

We review the District Court's evidentiary rulings for abuse of discretion and will reverse such a ruling only if arbitrary or irrational. *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006). We review the factual determinations underlying the District Court's rulings for clear error and exercise plenary review over the District Court's application of the law to the facts. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005).

The prosecution does not agree that the arrest warrant that sent the DEA to find Christian at 100A Grove Place was improper.[1] Nevertheless, we do not need to decide this issue because we agree with the District Court that the agents who conducted the search at 100A Grove Place acted in good faith reliance on a search warrant issued by a magistrate judge. For that reason, the District Court did not need to determine the propriety of the arrest itself and the court did not abuse its discretion in admitting the evidence obtained during the search.

Nor did the District Court abuse its discretion in admitting Christian's statement that his address was 100A Grove Place. The record supports the finding that this statement was elicited as part of a routine booking process and that Sala had no reason to believe that Christian would incriminate himself by responding to her questions. *See Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990). For example, Sala testified that she asked questions from a standardized DEA form, that she had not been involved in the case which was the basis for the arrest warrant that sent the DEA agents to 100A Grove Place, and that she only became aware of the efforts to search 100A Grove Place when Christian was brought to the DEA office for booking. Nothing in the record indicates that Sala should have known that Christian might incriminate himself by answering the routine booking questions.

---

[1]Christian had apparently already been arrested and posted bail on the charges included in the arrest warrant, but those charges had been dismissed. Christian was then re-indicted and a second arrest warrant was issued. It was pursuant to the second warrant that the DEA agents came to 100A Grove Place to arrest Christian.

**B. Sufficiency of the Evidence**

We review *de novo* the District Court's denial of a motion for acquittal, and we apply the same standard as the District Court. *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006). In reviewing the sufficiency of the evidence, we "must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Lore*, 430 F.3d 190, 204 (3d Cir. 2005) (internal quotations omitted). "We must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." *Flores*, 454 F.3d at 154 (internal quotations omitted). "We review both direct and circumstantial evidence where there are sufficiency of the evidence questions." *Lore*, 430 F.3d at 204.

To establish liability for aiding and abetting, the government must prove that the substantive crime (possession of marijuana with intent to distribute) was committed; that "the defendant knew of the crime and attempted to facilitate it;" and "that the defendant is in some way associated with the substantive offense – that he participated in it as in something that he wished to bring about, that he sought by his action to make it succeed." *United States v. Garth*, 188 F.3d 99, 113 (3d Cir. 1999) (internal quotation omitted). Liability for aiding and abetting "requires the specific intent of facilitating the crime." *Id.* "[M]ere knowledge of the underlying offense is not sufficient for conviction." *Id.*

With respect to the substantive offense here, the element of possession can be established by evidence of actual or constructive possession. "Constructive possession necessarily requires both 'dominion and control' over an object and knowledge of that object's existence." *United States v. Jenkins*, 90 F.3d 814, 818 (3d Cir. 1996) (quoting *United States v. Iafeleice*, 978 F.2d 92, 96 (3d Cir. 1992)).

Viewing the evidence in the light most favorable to the government, we find that there is substantial evidence from which a rational juror could find that Christian was in possession of the marijuana found at 100A Grove Place. The evidence, including Christian's own admission, demonstrates that he resided at 100A Grove Place. At that residence, in the common areas shared with his brother, the DEA agents found drug paraphernalia: two mechanical scales, Ziploc bags of marijuana, and "dime bags." When the DEA agents approached Christian to serve the warrant, he fled and discarded a bag of crack cocaine. Flight enabled Christian to dispose of the crack cocaine he was carrying. It also drew the law enforcement officers away from the chicken coop where the marijuana was growing and away from the kitchen where the drug paraphernalia was located.

A rational juror could find from this evidence that Christian had knowledge of the marijuana as well as dominion and control over it. A rational juror could further find that Christian was willing to have the residence used to grow and package marijuana and that, accordingly, Christian facilitated the crime of possessing it.

7

Christian relies on *United States v. Jenkins*, 90 F.3d 814 (3d Cir. 1996), in contending that the evidence of his aiding and abetting the possession of marijuana was insufficient. We find *Jenkins* distinguishable because here Christian did reside on the premises and the marijuana and drug related paraphernalia were in the kitchen, a common area of the residence. Moreover, that something other than raising chickens was going on the chicken coop was evident to anyone on the premises from the air conditioner in the coop, the water hose, and the illumination in the coop during daylight. In addition, Christian attempted to flee when he realized that the police had come to 100A Grove Place to arrest him.

## IV. <u>Conclusion</u>

Because substantial evidence supports the jury's finding that Christian was guilty of aiding and abetting, we will affirm the judgment of conviction of the District Court.